UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 13-81237-CIV-MARRA

CREATIVE SELLUTIONS II, INC.,

    Plaintiff,

v.

COMCAST SPOTLIGHT, LLC,
a Florida Limited Liability Company, and
COMCAST SPOTLIGHT LP,
a Limited Partnership,

    Defendants.
_____/

**OPINION AND ORDER**

This cause is before the Court upon Defendants' Motion to Compel Arbitration (DE 6), Plaintiff's Motion to Amend Complaint (DE 11), Plaintiff's Motion to Remand (DE 13), and Defendant's Motion to File a Sur-reply to the Motion to Remand (DE 25). The Motions are ripe for review.

**I. Background**

On October 21, 2013, Plaintiff Creative Sellutions II, Inc. ("Plaintiff" or "Creative") initiated this action in state court. (DE 1). Defendants Comcast Spotlight, LLC and Comcast Spotlight LP (collectively "Defendants" or "Comcast") removed it on the basis of diversity jurisdiction, 28 U.S.C. § 1332. Plaintiff does not dispute that there is complete diversity between the parties, but argues that this Court nevertheless lacks subject matter jurisdiction over this case because the amount in controversy does not exceed $75,000.

In the original Complaint, Plaintiff alleges that it is an advertising, marketing, and public

relations agency. Compl. ¶¶ 7-10 (DE 1). One of Plaintiff's clients was Northstar Memorial Group ("Northstar"). *Id.* As Northstar's agent, Plaintiff entered into contracts with Comcast for air time for Northstar's commercials. *Id.*, ¶¶ 10-55. Comcast was to pay Plaintiff a 15% commission on the gross billing of all media advertising that it placed for Northstar and its other clients. *Id.,* ¶¶ 17, 54. Plaintiff alleges that Comcast did not air the commercials in as many households as Comcast had promised and overbilled Northstar, which caused Northstar to terminate its relationship with Plaintiff; and that Comcast failed to pay Plaintiff the commissions due. *Id.*, ¶¶ 10-55.

As a result, Plaintiff brought the following claims in the original Complaint: Breach of Agreement (Count I); Fraud in the Inducement (Count II); Negligent Representation (Count III); Promissory Estoppel (Count IV); Breach of Covenant of Good Faith and Fair Dealing (Count V); Violation of Florida's Deceptive and Unfair Trade Practices Act ("FDUPTA"), Fla. Stat. §§ 501.201-501.213 (Count VI); and Tortious Interference with a Business Relationship (Count VII). Plaintiff sought compensatory and special damages, pre- and post-judgment interest, attorney's fees, and costs. Pursuant to section 768.72 of the Florida Statutes, Plaintiff reserved the right to amend the Complaint to seek punitive damages. *Id.*, ¶ 75. Plaintiff attached to the original Complaint multiple sheets that list the networks, advertising periods when Northstar's subsidiaries' commercials were to run, and the rates. With the Notice of Removal, Defendant submitted a declaration of Alberto Cruz, Director of Finance of Comcast Spotlight, LP, stating that Northstart was billed a total of $241,103 for television advertising. (DE 1-2). A fifteen percent commission on this amount would total $36,165.45.

After removal, Plaintiff filed its Motion to Amend Complaint (DE 11) to clarify the claims and Notice of Withdrawal without Prejudice of Counts VI and VII of the original Complaint (DE

12).  The following claims are contained in the proposed Amended Complaint: Breach of Oral Agreement (Count I); Fraud in the Inducement (Count II); Negligent Representation (Count III); and Negligence (Count IV).  Plaintiff no longer seeks attorney's fees, and does not mention the reservation of right to amend to seek punitive damages.

Plaintiff also filed its Motion to Remand and for attorney's fees for improper removal.  (DE 13).  With this Motion, Plaintiff submitted the declarations of David Sims, President of Creative Sellutions II, Inc., and Ronald Molina, a Certified Public Accountant retained to calculate damages.  (DE 13-1, -2).  David Sims and Ronald Molina attest that the maximum amount Plaintiff could recover is $14,735.78 in commissions earned but not paid, and $39,121.22 in future lost net profit, for the total maximum amount of $53,587, exclusive of interest and costs.  (DE 13-1).  David Sims also states that Plaintiff has never sought to unwind any of the contracts for air time.

## II. Legal standard

A civil action  filed in state court may be removed if it could have been brought in federal court.  28 U.S.C.A. § 1441 (West).  However,"[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C.A. § 1447 (West).

"The rule of construing removal statutes strictly and resolving doubts in favor of remand, . . . , is well-established." *See Miedema v. Maytag Corp.*, 450 F.3d 1322, 1328–29 (11th Cir.2006).  "A removing defendant," in this case Comcast, "bears the burden of proving proper federal jurisdiction" by a preponderance of the evidence.  *Leonard v. Enter. Rent a Car*, 279 F.3d 967, 972 (11th Cir. 2002).  When plaintiff does not plead a specific amount of damages, such as here, defendant has to introduce evidence to establish jurisdiction.  *Williams v. Best Buy Co., Inc.*, 269 F.3d 1316, 1319

3

(11th Cir. 2001).

A district court has jurisdiction over civil cases between citizens of different states where the "matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C.A. § 1332(a)(1) (West). "When a statute authorizes the recovery of attorney's fees, a reasonable amount of those fees is included in the amount in controversy." *Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1265 (11th Cir. 2000). Further, "[a] court's analysis of the amount-in-controversy requirement focuses on how much is in controversy at the time of removal, not later." *See Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 751 (11th Cir. 2010) (considering whether the $5 million amount-in-controversy requirement under 28 U.S.C. § 1332(d) was satisfied); *Rogatinsky v. Metro. Life Ins. Co.*, 09-80740-CIV, 2009 WL 3667073, at *2 (S.D. Fla. 2009) (the amount of attorney's fees is calculated at the time of removal for jurisdictional purposes); *but see Brown v. Am. Exp. Co., Inc.*, 09-61758-CIV, 2010 WL 527756, at *7 (S.D. Fla. 2010) ("Conflicting case law exists as to whether the amount of attorney's fees for the amount-in-controversy analysis should be calculated as of the date of removal or through the end of the case" (citing cases)). Thus, if jurisdiction existed on the date of removal, "subsequent events, even the loss of the required amount in controversy, will not operate to divest the court of jurisdiction." *Leonard v. Enter. Rent a Car*, 279 F.3d 967, 972 (11th Cir. 2002).

Lastly, "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C.A. § 1447(c) (West). The statute does not create a bias either for or against awarding fees. *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 138-39 (2005). "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis

4

for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *Id.* at 141.

### III. Discussion

Plaintiff did not plead a specific amount of damages. Defendant argues that the amount in controversy exceeded $75,000 at the time of removal, and that Plaintiff cannot defeat jurisdiction by amending the original Complaint post-removal. However, a review of the original Complaint along with the evidence Comcast brought forth demonstrates that the amount in controversy at the time of removal did not exceed $75,000.

The declaration of Alberto Cruz, Director of Finance of Comcast Spotlight, LP, establishes that Northstart was billed a total of $241,103 for television advertising. (DE 1-2). A fifteen percent commission on this amount would total $36,165.45. The FDUPTA gives a court discretion to award attorney's fees to the prevailing party. Fla. Stat. Ann. § 501.2105; *Victory Intern. (USA), LLC v. Perry Ellis Intern., Inc.*, 08-20395-CIV, 2009 WL 1956236, at *1 (S.D. Fla. 2009). Thus, while a reasonable amount of statutorily authorized attorney's fees may have been included in the amount in controversy, Comcast produced no evidence to establish the amount of fees at issue in this case. Also, no litigation took place in state court before removal. Therefore, Comcast cannot rely on attorney's fees to satisfy the amount-in-controversy requirement. Further, Plaintiff did not seek punitive damages in the original Complaint, but only reserved a right to amend the pleading later. Lastly, Plaintiff filed two affidavits stating that the maximum amount recoverable in this case in damages is $53,857. Overall, Comcast failed to establish that the jurisdictional amount is satisfied.

However, the original Complaint is not entirely clear as to whether Plaintiff is seeking only its commissions, or commissions as well as reimbursement of some of the air time charges because

the commercials had not aired in as many households as promised. Thus, the original Complaint could have been reasonably interpreted to demand more than $75,000, and an objectively reasonable basis for seeking removal was not lacking. In sum, while the Court cannot exercise jurisdiction over this case, as Comcast urges, based on unclear allegations that have now been clarified, Comcast should not be responsible for Plaintiff's attorney's fees incurred as a result of the removal.

### IV. Conclusion

Accordingly, it is hereby **ORDERED AND ADJUDGED** that Plaintiff's Motion to Remand and for attorney's fees (DE 13) is **GRANTED IN PART and DENIED IN PART**. This case is **REMANDED** to the Fifteenth Judicial Circuit in and for Palm Beach County. Defendants' Motion to File a Sur-reply to the Motion to Remand (DE 25) is **DENIED**. The Court makes no ruling on Defendants' Motion to Compel Arbitration (DE 6) and Plaintiff's Motion to Amend Complaint (DE 11). The Clerk of Court shall **TERMINATE** these Motions (DE 6 and 11), and **CLOSE** this case.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 31st day of July, 2014.

KENNETH A. MARRA
United States District Judge